UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAYNE CLARY | : | |
| | : | PRISONER |
| v. | : | Case No. 3:06 cv 5 (SRU) |
| | : | |
| DAVID STRANGE and | : | |
| THERESA LANTZ | : | |

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Wayne Clary ("Clary"), an inmate confined at the Osborn Correctional Institution in Somers, Connecticut, brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He pled guilty to a charge of assault in the first degree and, on January 29, 2003, he was sentenced to a term of imprisonment of ten years, followed by five years of probation. For the reasons that follow, the petition is dismissed without prejudice.

I.   Standard of Review

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney Gen. of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1984); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity. See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam). The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors that may have crept into the state criminal process. See id. "Because the exhaustion

doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." See O'Sullivan, 526 U.S. at 845.

The Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition. Second, he must have "utilized all available mechanisms to secure appellate review of the denial of that claim." Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)). "To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims 'to the highest court of the pertinent state.'" Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995) (quoting Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990) ("[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition.")); Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991) (same).

II.   Discussion

Failure to exhaust state court remedies usually is raised in a motion to dismiss the petition. The court, however, may raise failure to exhaust state court remedies sua sponte where petitioner's failure to present his claims to the state's highest court is apparent from the face of the petition. See Granberry v. Greer, 481 U.S. 129, 133 (1987) (holding that a circuit court may raise sua sponte a habeas petitioner's failure to exhaust state remedies); Magouirk v. Phillips, 144

F.3d 348, 357 (5th Cir. 1998) (noting that federal court can raise failure to exhaust sua sponte); United States ex rel Riley v. McVicar, No. 98 C 5634, 1998 WL 665400, at *1 (N.D. Ill. Sept. 15, 1998) (dismissing federal habeas petition sua sponte because failure to exhaust state court remedies was apparent from the face of the petition).

Clary raises one ground for relief in his petition, that the state failed to permit him to present evidence supporting his innocence. He states that he did not appeal his conviction and has not filed any petitions for writ of habeas corpus in state court. The court concludes that Clary has not exhausted his state court remedies.

III.     Conclusion

The petition for writ of habeas corpus [**Doc. #1**] is hereby **dismissed without prejudice** for failure to exhaust state court remedies.

The Supreme Court has held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). In addition, the Court stated that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. This court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that Clary has exhausted his

3

state court remedies.  Accordingly, a certificate of appealability will not issue.  The Clerk is directed to close this case.

**SO ORDERED** this 9th day of February 2006, at Bridgeport, Connecticut.

                                  /s/ Stefan R. Underhill
                                    Stefan R. Underhill
                                    United States District Judge